IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) ) | |
| | ) | COMPLAINT |
| v. | ) ) | |
| NAS OF AIKEN, LLC d/b/a FAIRFIELD INN & SUITES, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Sharon Green and Connie Hankinson who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission") alleges that Defendant NAS of Aiken, LLC d/b/a Fairfield Inn & Suites ("Defendant") discharged Green in retaliation for opposing practices that she reasonably believed were violations of Title VII of the Civil Rights Act of 1964, as amended and/or based on Defendant's belief that Green was going to report Defendant's discriminatory treatment of black employees to the National Association for the Advancement of Colored People ("NAACP"). The Commission further alleges that Defendant discharged Hankinson based on its belief that, following Green's discharge, Hankinson intended to obtain information that would support Green's retaliation claims against the company.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina.  This lawsuit is being filed in the Aiken Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Aiken Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a South Carolina corporation doing business in the State of South Carolina and the City of Aiken, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Sharon Green and Connie Hankinson filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From on or about April 17, 2007, until on or about April 20, 2007, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), as described more fully below.

8. In 2004, Defendant hired Sharon Green as Executive Housekeeper at its Fairfield Inn & Suites located in Aiken, South Carolina (hereafter referred to as "the hotel"). On or about April 15, 2007, Green suspended a white housekeeper who worked at the hotel. Two days later, Green met with Defendant's General Manager and Vice President of Operations. During the meeting, Green's decision to suspend the white housekeeper was questioned by Defendant. Green stated that she had suspended numerous black employees in the past but it was never a problem until she suspended a white employee. During the meeting, Green also complained about a note posted by the General Manager who is white, which stated, "You people are pigs." Green told Defendant she felt the note was directed towards and derogatory to black employees. Thus, on April 17, 2007, Green engaged in activity protected under Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a) by Green opposed conduct that she reasonably believed to be discriminatory under Title VII.

9. Moreover, Defendant perceived Green to have engaged in activity protected under Section 704(a) of Title VII when it attributed to Green a statement that Green was taking the aforementioned note to the NAACP.

10. On April 17, 2007, following Green's protected activity described above, Defendant suspended Green indefinitely in retaliation for her protected activity, in violation of Section 704(a) of Title VII. On or about April 18, 2007, Defendant discharged Green from employment in retaliation for her protected activity, in violation of Section 704(a) of Title VII.

11. In March 2005, Defendant hired Connie Hankinson as a housekeeper. Hankinson was absent from work for medical reasons from April 18, 2007 through April 20, 2007. On or about April 20, 2007, Hankinson was traveling to the hotel to deliver a doctor's note regarding her absence. On or about April 20, 2007, Defendant was falsely informed that Hankinson was traveling to the hotel to gather evidence to support Green's retaliation claim. Defendant mistakenly believed that Hankinson was trying to obtain information that would support Green's retaliation claims against Defendant. Defendant perceived that Hankinson was going to engage in activity protected under Section 704(a) of Title VII by obtaining information that would support Green's retaliation claims against Defendant. Defendant discharged Hankinson on or about April 20, 2007, because of its mistaken belief that Hankinson was going to engage in protected activity, in violation of Section 704(a) of Title VII.

12. The effect of the practices complained of in paragraphs 8 through 11 above has been to deprive Green of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in activity protected under Title VII and/or because Defendant wrongly believed that she intended to engage in activity protected under Title VII.

13. The effect of practices complained of in paragraph 11 above has been to deprive Hankinson of equal employment opportunities and otherwise adversely affect her status as an employee because Defendant wrongly believed that she intended to engage in activity protected under Title VII.

14. The unlawful employment practices complained of in paragraphs 8 through 11 above were intentional.

15. The unlawful employment practices complained of in paragraph 8 through 11 above were done with malice or with reckless indifference to the federally protected rights of Green and Hankinson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from discriminating against current or former employees based on their opposition to unlawful employment practices or employment practices which the employee reasonably believes to be declared unlawful by any statute enforced by the Commission and/or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under any statute enforced by the Commission.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who have opposed employment practices which the employee reasonably believes to be declared unlawful by any statute enforced by the Commission and/or have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under any statute enforced by the Commission.

C. Order Defendant to make whole Green and Hankinson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraphs 8 through 11 above, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Green and Hankinson by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 11 above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Green and Hankinson by providing compensation for non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 8 through 11 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Green and Hankinson punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of June, 2010.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

131 M. Street, N.E.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

   s/ Nicholas Walter
NICHOLAS WALTER
Trial Attorney (Fed. Bar No. 9975)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6472
Facsimile: 704.954.6412
E-mail: Nicholas.Walter@eeoc.gov

ATTORNEYS FOR PLAINTIFF